# United States Court of Appeals
# for the Fifth Circuit

————————

No. 23-60631
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit

**FILED**

August 14, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Tomango Ali Barton, Jr.,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 1:19-CR-7-3

———————————————————————

Before Jones, Graves, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Tomango Ali Barton, Jr., appeals the within-guidelines sentence imposed after the revocation of his supervised release. Barton contends that the district court imposed a substantively unreasonable sentence that was greater than necessary to comply with the sentencing goals in 18 U.S.C. § 3553(a). He challenges the district court's balancing of the sentencing

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

factors, arguing that the court gave too much weight to his offense level and not enough weight to his personal circumstances.

A preserved challenge to a sentence imposed upon revocation of supervised release generally is reviewed under a "plainly unreasonable" standard. *United States v. Warren*, 720 F.3d 321, 326 (5th Cir. 2013). The plainly unreasonable standard is a two-step process. *Id.* First, we consider whether the district court committed any significant procedural error. *Id.* If there is no procedural error, we consider the substantive reasonableness of the sentence under an abuse of discretion standard. *Id.* at 326, 332. A sentence is substantively unreasonable if it "(1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors." *Id.* at 332 (internal quotation marks and citation omitted). Even if we conclude that the revocation sentence is unreasonable, we may vacate only if "the error was obvious under existing law." *Id.* at 326 (internal quotation marks and citation omitted).

The record reflects that the district court properly considered the § 3553(a) factors, as well as Barton's reasons for not attending the drug treatment appointments and remaining unemployed. The court noted Barton's admission that he continued to smoke marijuana despite knowing that it was a violation of his release and that he would be tested. The court also noted that this was Barton's second revocation and that he had four substance abuse violations in less than a year. Barton's argument reflects his disagreement with the propriety of his sentence and the district court's weighing of the sentencing factors, and he has not shown that his revocation sentence is plainly unreasonable. *See id.* at 332.

The judgment of the district court is AFFIRMED.